**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETRA MORA, individually and as successor-in-interest to Ivan Mora,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF INGLEWOOD; and DOES 1-10,<br><br>Defendants. | Case No.: 2:24-cv-02970-SB-JPR<br><br>**JOINT SCHEDULING CONFERENCE REPORT**<br><br>Judge:    Hon. Stanley Blumenfeld<br>Date:     June 14, 2024<br>Time:     8:30 a.m.<br>Location: Courtroom 6C<br>          350 West First Street,<br>          Los Angeles, CA 90012<br><br>Original Complaint:   Apr 12, 2024<br>City Answer:          May 8, 2024<br>Trial (Proposed):     April 28, 2025 |

Pursuant to Local Rule 26-1, Federal Rule of Civil Procedure Rule 26(f), and this Court's Order, the parties hereby submit the following Joint Report.

Pursuant to Federal Rule of Civil Procedure Rule 26(f), a telephonic conference was held between counsel on May 23, 2024. The telephonic conference was attended by Cooper Alison-Mayne of the Law Offices of Dale K. Galipo, counsel for the plaintiff, and Daniel Lee of Olivarez Madruga Law Organization, LLP, counsel for City of Inglewood.

1. **SUBJECT MATTER JURISDICTION**

This Court has subject matter jurisdiction over Plaintiff's federal question and civil rights claims under United States Constitution and 42 U.S.C. §1983 pursuant to 28 U.S.C. § § 1331 and 1343. This Court has jurisdiction over Plaintiff's supplemental state law claims under 28 U.S.C. § 1367 as those claims arise out of the same transactions and occurrences as Plaintiff's federal question claims.

2. **STATEMENT OF THE CASE**

   a. **Plaintiff's Statement of the Case**

This is a civil rights action brought pursuant to 42 U.S.C. §1983 and California law. This case arises from the violation of various rights under the United States Constitution and California law in connection with the unjustified and unlawful fatal shooting of Ivan Mora ("Decedent"). Plaintiff brings state and federal causes of action for: (1) Fourth Amendment, Excessive Force; (2)

Fourteenth Amendment, Interference with Familial Relationship; (3) Municipal Liability, Unconstitutional Custom or Policy; (4) Municipal Liability, Failure to Train; (5) Municipal Liability, Ratification; (6) violations of the Americans with Disabilities Act; (7) Battery; (8) Negligence; and (9) Violation of California Civil Code Section 52.

On September 21, 2023, Inglewood Police Department (IPD) deputies fatally shot 34-year-old Ivan Mora, who was experiencing a mental health crisis, in the backyard of his residence, despite Mr. Mora posing no immediate lethal threat. The shooting violated POST standards, and the City of Inglewood failed to adequately train its deputies in the use of deadly force and handling mental health crises, instead prioritizing aggressive tactics over de-escalation, as evidenced by the deputies' rapid escalation to lethal force without warning or prompt medical aid, and the city's subsequent ratification of their conduct.

  b.  **Defendant City of Inglewood's Statement of the Case**

Defendant City of Inglewood did not violate Plaintiff's constitutional rights nor any rights under state law. Further, Defendant adequately trains its officers in the use of deadly force and the handling of mental health issues.

**3. DAMAGES/ INSURANCE**

  a.  Damages: Plaintiff seeks compensatory damages for Decedent's pre-death pain and suffering and Plaintiff's loss of Decedent's love, companionship, and support, as well as punitive damages and statutory attorney's fees. Given the

significant losses suffered and the nature of the constitutional violations at issue, Plaintiff estimates total damages will exceed $10 million.

    b.    Insurance:   There is no policy of insurance issued by a commercial insurer and insuring Defendant for the damages, claims, and actions at issue in this case. To the extent a memorandum of coverage through a joint powers agreement under Government Code section 989 et seq., constitutes "insurance", the City is a participant in a risk pool, and is a party to a memorandum of coverage for memorandum of coverage general liability, property liability and professional liability. AdminSure, 3380 Shelby Street, Ontario, CA 91764, (909) 861-0816.

**4.    PARTIES & EVIDENCE**

Plaintiff is Decedent's mother, Petra Mora. Plaintiff sues individually and as successors-in-interest to Decedent.

Defendants are City of Inglewood and DOES 1–10.

Numerous witnesses and/or individuals with information will become known through the discovery process.

**5.    DISCOVERY**

    a.    Status of Discovery: The parties have not completed any discovery at the time of the drafting of this report.

    b.    Discovery Plan: Counsel agree that no changes should be made in the timing, form, or requirements for disclosures under Rule 26(a). The parties will make initial disclosures on June 7, 2024. The parties are not requesting changes to

the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules at this time. There are no anticipated issues about disclosure or discovery of electronically stored information. Counsel agree that no changes should be made as to discovery as it is governed by law or Local Rule.

Plaintiff anticipates promptly propounding written discovery on Defendant City of Inglewood, including a request for production seeking the materials pertaining to the investigation into this incident. In addition to conducting expert depositions at the appropriate time, Plaintiff anticipates deposing individual defendant deputies whose identities will be made known through Defendant's initial disclosures. Plaintiff may also depose EMTs, paramedics, and/or fire department members who arrived on scene to provide medical attention to Decedent, witnesses to this incident, a person most knowledgeable regarding IPD policies and procedures pertaining to the use of force, and criminalists who participated in any investigation into this incident.

According to Plaintiff, subjects on which discovery may be needed include: the deputies' training, including training regarding the use of force and responding to mental health crises; the deputies' prior uses of force, if any, including any citizens' or internal complaints made against the involved deputies; IPD policies with regards to use of force complaints; IPD policies with regards to when deadly force may be used; IPD policies; the handling of evidence by IPD employees; medical treatment provided to the decedent on the scene of the incident; testimony

of witnesses and involved deputies.

**6.     Legal Issues**

The following are among the principle issues raised by Plaintiff's Complaint:

1)     Whether the actions and inactions by the involved deputies were reasonable under the circumstances within the meaning of Fourth Amendment jurisprudence;

2)     Whether the shooting interfered with Plaintiff's right to a familial relationship with the decedent;

3)     Whether the shooting and use of excessive force against Decedent resulted from conduct that was malicious, oppressive, or in reckless disregard of his rights;

4)     Whether IPD Deputies unreasonably denied medical care to the decedent under the 4th Amendment;

5)     Whether the IPD has unconstitutional policies, practices, or customs that were the cause of the decedent's and Plaintiff's injuries;

6)     Whether the IPD failed to train its deputies under the Plaintiff's Monell claim;

7)     Whether IPD ratified its deputies' unconstitutional actions that were the cause of the decedent's and Plaintiff's injuries;

8)     Whether the defendants were negligent with respect to their handling

of the situation, including using lethal force with Decedent and failing to deliver prompt care to Decedent;

9) Whether the defendants acted intentionally or with substantial certainty handled the situation, including using force against Decedent, would violate his constitutional rights and/or to prevent him from exercising his constitutional rights;

10) Whether the defendants violated the Americans with Disabilities Act by failing to provide reasonable accommodation to Decedent, who was suffering from a mental health crisis when he was shot and killed;

11) The nature and extent of Plaintiff's damages, including punitive damages.

**7.  MOTIONS**

a. Procedural Motions: Plaintiff anticipates filing a motion to add names of currently unidentified individual involved deputies once such identities become available through the initial disclosures.

b. Dispositive motions: Plaintiff does not anticipate filing any dispositive motions in this case, but Plaintiff will file motions in limine if the case proceeds to trial.  It is too early in the case to determine whether Defendant will file a dispositive motion.  However, if one is appropriate, Defendant will file a dispositive motion.

c. Class Certification Motions: Not applicable.

**8.     SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**

a.     Prior Discussions: No discussion has been taken at the time of drafting this report.

b.     ADR Selection: The parties have discussed the prospect of mediation in this case but have not yet engaged in any formal settlement negotiations. The parties will consider panel mediation and/or private mediation once sufficient discovery has been completed to permit the parties to evaluate this case for settlement.

**9.     TRIAL**

The parties anticipate needing to conduct extensive fact and expert discovery, including depositions of the involved deputies, witnesses, medical personnel, and police practices experts. Time will also be needed to resolve any discovery disputes that may arise. Additionally, the parties expect that one or both sides may file dispositive motions that will need to be briefed and decided before trial.

For these reasons, the parties jointly request a trial date of April 28, 2025, which falls within the 7–12 month range the Court deems appropriate for cases of medium complexity. This will provide adequate time to complete discovery, brief any dispositive motions, and fully prepare this case for trial, while still allowing for a prompt resolution of Plaintiff's claims.

a.     Proposed Trial Date: April 28, 2025

  b. Time Estimate: 5–7 days

  c. Jury or Court Trial: Parties request trial by jury.

  d. Magistrate Judge: Parties are not asking to try the case before a magistrate judge.

  e. Trial Counsel: Dale K. Galipo will be the lead trial counsel for the Plaintiff's case. Thomas M. Madruga will be the lead trial counsel for the Defendant's case.

**10. SPECIAL REQUESTS/ OTHER ISSUES**

  a. Independent Expert or Master: Counsel agree that neither a discovery master nor independent scientific expert are needed for this lawsuit.

  b. Manual for Complex Litigation: Counsel agree that this is not a case which is sufficiently complex to be governed by the procedures of the federal "Manual for Complex Litigation."

  c. Other issues: . Plaintiff does not anticipate the trial to be bifurcated.

DATED: June 4, 2024

LAW OFFICES OF DALE K. GALIPO

*/s/ Cooper Alison-Mayne*

Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiff*

DATED: June 4, 2024   OLIVAREZ MADRUGA LAW ORGANIZATION, LLP


By: <u>*/s/ Daniel Lee*</u>
    Thomas M. Madruga
    Daniel Lee
    Attorneys for Defendant

SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| MATTER | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE |
|---|---|
| **TRIAL** [ ] Court   [X] Jury<br>Duration Estimate: 5–7 days | April 28, 2025 |
| **FINAL PRETRIAL CONFERENCE ("FPTC")**<br>4 wks before trial | Mar 31, 2025 |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE |
|---|---|---|
| Last Date to Hear Motion to Amend Pleadings | 90 days after scheduling conf | Sep 12, 2024 |
| Non−Expert Discovery Cut-Off | 14 wks before FPTC | Dec 30, 2024 |
| Last Date to Hear Motions | 10 wks before FPTC | Jan 20, 2025 |
| Initial Expert Disclosure & Report Deadline | 10 wks before FPTC | Jan 20, 2025 |
| Rebuttal Expert Disclosure & Report Deadline | 8 wks before FPTC | Feb 3, 2025 |
| Expert Discovery Cut-Off | 7 wks before FPTC | Feb 10, 2025 |
| Settlement Conference Completion Date | 4 wks before FPTC | Mar 3, 2025 |

| | | |
|---|---|---|
| Motions in Limine Filing Deadline | 3 wks before FPTC | Mar 10, 2025 |
| Opposition to Motion in Limine Filing Deadline | 2 wks before FPTC | Mar 17, 2025 |