**OLIVAREZ MADRUGA LAW ORGANIZATION, LLP**
Thomas M. Madruga – SBN 160421
tmadruga@omlolaw.com
Daniel Lee – SBN 236811
dlee@omlolaw.com
500 South Grand Avenue – 12th Floor
Los Angeles, CA 90071
Tel: (213) 744-0099
Fax: (213) 744-009

Attorneys for Defendant,
CITY OF INGLEWOOD

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETRA MORA, individually and as successor-in-interest to Ivan Mora, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF INGLEWOOD; and DOES 1-10, <br><br> Defendants. | Case No.: 2:24-cv-02970-SSC <br> Hon. Stephanie S. Christensen <br><br> **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** <br><br> Complaint Filed: April 12, 2024 |

Defendants CITY OF INGLEWOOD, CHRISTOPHER CHUNG, ROBERT DOWNEY, DARLENE QUIRARTE, and JOHN AUSMUS ("Defendants"), in answer to the First Amended Complaint ("FAC") of PETRA MORA, individually and as successor in interest to Ivan Mora (deceased), (collectively "Plaintiffs"), hereby admit, deny and allege as follows:

## INTRODUCTION

1. In response to Paragraph 1 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny the allegations contained therein.

## PARTIES

2. In response to Paragraph 2 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny each and every allegation in this Paragraph.

3. In response to Paragraph 3 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny each and every allegation in this Paragraph.

4. In response to Paragraph 4 of the FAC, Defendants admit that the City of Inglewood is a municipal corporation in the state of California. As to the remaining allegations in this paragraph, Defendants respond that the statements contained therein contain purported recitals and statements of law that do not require an admission or denial from these Defendants.

5. In response to Paragraph 5 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny each and every allegation in this Paragraph.

6. In response to Paragraph 6 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny each and every allegation in this Paragraph.

**JURISDICTION AND VENUE**

7. In response to Paragraph 7 of the FAC, Defendants admit that the causes of action alleged against Defendants arise under federal law and that the instant court has jurisdiction over the instant action.

8. In response to Paragraph 8 of the FAC, Defendants admit venue is proper in this Court.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

9. In response to Paragraph 9 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny the allegations contained therein.

10. In response to Paragraph 10 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny the allegations contained therein.

11. In response to Paragraph 11 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny the allegations contained therein.

12. In response to Paragraph 12 of the FAC, Defendants deny the allegations contained therein.

13. In response to Paragraph 13 of the FAC, Defendants deny the allegations contained therein.

14. In response to Paragraph 14 of the FAC, Defendants deny Plaintiff's characterization of the incident and/or otherwise are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny the allegations contained therein.

15. In response to Paragraph 15 of the FAC, Defendants deny the allegations contained therein.

16. In response to Paragraph 16 of the FAC, Defendants deny the allegations contained therein.

17. In response to Paragraph 17 of the FAC, Defendants deny Plaintiff's characterization of the incident and/or otherwise are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny the allegations contained therein.

18. In response to Paragraph 18 of the FAC, Defendants deny the allegations contained therein.

19. In response to Paragraph 19 of the FAC, Defendants deny the allegations contained therein.

20. In response to Paragraph 20 of the FAC, Defendants deny the allegations contained therein.

21. In response to Paragraph 21 of the FAC, Defendants deny the allegations contained therein.

22. In response to Paragraph 22 of the FAC, Defendants deny the allegations contained therein.

23. In response to Paragraph 23 of the FAC, Defendants deny the allegations contained therein.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment – Excessive Force (42 U.S.C. §1983)

24. In response to Paragraph 24 of the FAC, Defendants hereby reallege their answers in Paragraphs 1-23 above, and incorporates the same as if fully set forth herein.

25. In response to Paragraph 25 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny the allegations contained therein.

26. In response to Paragraph 26 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny the allegations contained therein.

27. In response to Paragraph 27 of the FAC, Defendants admit the allegations contained therein.

28. In response to Paragraph 28 of the FAC, Defendants deny the allegations contained therein.

29. In response to Paragraph 29 of the FAC, Defendants deny the allegations contained therein.

30. In response to Paragraph 30 of the FAC, Defendants deny the allegations contained therein.

31. In response to Paragraph 31 of the FAC, Defendants deny the allegations contained therein.

32. In response to Paragraph 32 of the FAC, Defendants deny the allegations contained therein.

33. In response to Paragraph 33 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny the allegations contained therein.

## SECOND CLAIM FOR RELIEF

**Fourteenth Amendment – Denial of Familial Relationship (42 U.S.C. §1983)**

34. In response to Paragraph 34 of the FAC, Defendants hereby reallege their answers in Paragraphs 1-33 above, and incorporate the same as if fully set forth herein.

35. In response to Paragraph 35 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny the allegations contained therein.

36. In response to Paragraph 36 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny the allegations contained therein.

37. In response to Paragraph 37 of the FAC Defendants deny the allegations contained therein.

38. In response to Paragraph 38 of the FAC, Defendants deny the allegations contained therein.

39. In response to Paragraph 39 of the FAC, Defendants deny the allegations contained therein.

40. In response to Paragraph 40 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny the allegations contained therein.

## THIRD CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. §1983)**

41. In response to Paragraph 41 of the FAC, Defendants hereby reallege their answers in Paragraphs 1-40 above, and incorporate the same as if fully set forth herein.

42. In response to Paragraph 42 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis, deny the allegations contained therein.

43. In response to Paragraph 43 of the FAC, Defendants deny the allegations contained therein.

44. In response to Paragraph 44 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis, deny the allegations contained therein.

45. In response to Paragraph 45 of the FAC, Defendants deny the allegations that there was a deprivation of decedent's rights. As to the remainder of the allegations in this Paragraph, Defendants are unable to admit or deny at this time.

46. In response to Paragraph 46 of the FAC, Defendants deny the allegations contained therein.

47. In response to Paragraph 47 of the FAC, Defendants are without

sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny each and every allegation in this Paragraph.

48. In response to Paragraph 48 of the FAC, Defendants deny the allegations contained therein.

49. In response to Paragraph 49 of the FAC, Defendants deny the allegations contained therein.

50. In response to Paragraph 50 of the FAC, Defendants deny the allegations contained therein.

51. In response to Paragraph 51 of the FAC, Defendants deny the allegations contained therein.

52. In response to Paragraph 52 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny the allegations contained therein.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability for Failure to Train (42 U.S.C. §1983)

53. In response to Paragraph 53 of the FAC, Defendants hereby reallege their answers in Paragraphs 1-52 above, and incorporate the same as if fully set forth herein.

54. In response to Paragraph 54 of the FAC, Defendants respond that the statements contained therein contain purported recitals and statements of law that do not require an admission or denial from these Defendants.

55. In response to Paragraph 55 of the FAC, Defendants deny the allegations contained therein.

56. In response to Paragraph 56 of the FAC, Defendants deny the allegations contained therein.

57. In response to Paragraph 57 of the FAC, Defendants deny the allegations contained therein.

58. In response to Paragraph 58 of the FAC, Defendants deny the allegations contained therein.

59. In response to Paragraph 59 of the FAC, Defendants deny the allegations contained therein.

60. In response to Paragraph 60 of the FAC, Defendants deny the allegations contained therein.

61. In response to Paragraph 61 of the FAC, Defendants deny the allegations contained therein.

62. In response to Paragraph 62 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny each and every allegation in this Paragraph.

FIFTH CLAIM FOR RELIEF

Municipal Liability – Ratification (42 U.S.C. §1983)

63. In response to Paragraph 63 of the FAC, Defendants hereby reallege their answers in Paragraphs 1-62 above, and incorporate the same as if fully set forth herein.

64. In response to Paragraph 64 of the FAC, Defendants respond that the statements contained therein contain purported recitals and statements of law that do not require an admission or denial from these Defendants.

65. In response to Paragraph 65 of the FAC, Defendants deny the allegations contained therein.

66. In response to Paragraph 66 of the FAC, the allegations contained therein are unintelligible and therefore Defendants deny the allegations contained therein.

67. In response to Paragraph 67 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny each and every allegation in this Paragraph.

68. In response to Paragraph 68 of the FAC, Defendants deny the allegations contained therein.

69. In response to Paragraph 69 of the FAC, Defendants admit that the Inglewood Police Department's policies and practices are consistent with existing law. As to the remainder of the allegation contained therein, Defendants deny the allegations contained therein.

70. In response to Paragraph 70 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny each and every allegation in this Paragraph.

71. In response to Paragraph 71 of the FAC, Defendant are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny each and every allegation in this Paragraph.

72. In response to Paragraph 72 of the FAC, Defendants deny the allegations contained therein.

73. In response to Paragraph 73 of the FAC, Defendants deny the allegations contained therein.

74. In response to Paragraph 74 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny each and every allegation in this Paragraph.

## SIXTH CLAIM FOR RELIEF

### Americans with Disability Act (42 U.S.C. § 12132)

75. In response to Paragraph 75 of the FAC, Defendant hereby realleges its answers in Paragraphs 1-74 above, and incorporate the same as if fully set forth herein.

76. In response to Paragraph 76 of the FAC, are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny each and every allegation in this Paragraph.

77. In response to Paragraph 77 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny each and every allegation in this Paragraph.

78. In response to Paragraph 78 of the FAC, Defendant responds that the statements contained therein contain purported recitals and statements of law that do not require an admission or denial from this Defendant.

79. In response to Paragraph 79 of the FAC, Defendant responds that the statements contained therein contain purported recitals and statements of law that do not require an admission or denial from this Defendant.

80. In response to Paragraph 80 of the FAC, Defendant responds that the statements contained therein contain purported recitals and statements of law that do not require an admission or denial from this Defendant.

81. In response to Paragraph 81 of the FAC, Defendants deny the allegations contained therein.

82. In response to Paragraph 82 of the FAC, Defendants deny the allegations contained therein.

83. In response to Paragraph 83 of the FAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny each and every allegation in this Paragraph.

## SEVENTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

84. In response to Paragraph 84 of the FAC, Defendant hereby realleges its answers in Paragraphs 1-83 above, and incorporate the same as if fully set forth herein.

85. In response to Paragraph 85 of the FAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny each and every allegation in this Paragraph.

86. In response to Paragraph 86 of the FAC, Defendants deny the allegations contained therein.

87. In response to Paragraph 87 of the FAC, Defendants deny the allegations contained therein.

88. In response to Paragraph 88 of the FAC, Defendants deny the allegations contained therein.

89. In response to Paragraph 89 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis deny each and every allegation in this Paragraph.

## EIGHTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code § 820 and California Common Law)

90. In response to Paragraph 90 of the FAC, Defendant hereby realleges its answers in Paragraphs 1-89 above, and incorporate the same as if fully set forth herein.

91. In response to Paragraph 91 of the FAC, Defendant responds that the statements contained therein contain purported recitals and statements of law that do not require an admission or denial from this Defendant.

92. In response to Paragraph 92 of the FAC, Defendant responds that the statements contained therein contain purported recitals and statements of law that do not require an admission or denial from this Defendant.

93. In response to Paragraph 93 the FAC, Defendants deny the allegations contained therein.

94. In response to Paragraph 94 of the FAC, Defendants deny the allegations contained therein.

95. In response to Paragraph 95 of the FAC, Defendants deny the allegations contained therein.

96. In response to Paragraph 96 of the FAC, Defendants deny the allegations contained therein.

97. In response to Paragraph 97 of the FAC, Defendants deny the allegations contained therein.

98. In response to Paragraph 98 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations

therein, and on that basis deny each and every allegation in this Paragraph.

## NINTH CLAIM FOR RELIEF

### Violation of Cal. Civil Code § 52.1

99. In response to Paragraph 99 of the FAC, Defendant hereby realleges its answers in Paragraphs 1-98 above, and incorporate the same as if fully set forth herein.

100. In response to Paragraph 100 of the FAC, Defendant responds that the statements contained therein contain purported recitals and statements of law that do not require an admission or denial from this Defendant.

101. In response to Paragraph 101 of the FAC, Defendant responds that the statements contained therein contain purported recitals and statements of law that do not require an admission or denial from this Defendant.

102. In response to Paragraph 102 of the FAC, Defendants deny the allegations contained therein.

103. In response to Paragraph 103 of the FAC, Defendants deny the allegations contained therein.

104. In response to Paragraph 104 of the FAC, Defendants deny the allegations contained therein.

105. In response to Paragraph 105 of the FAC, Defendants deny the allegations contained therein.

106. In response to Paragraph 106 of the FAC, Defendants deny the allegations contained therein.

107. In response to Paragraph 107 of the FAC, Defendants deny the allegations contained therein.

108. In response to Paragraph 108 of the FAC, Defendants deny the allegations contained therein.

109. In response to Paragraph 109 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations

therein, and on that basis deny each and every allegation in this Paragraph.

## PRAYER FOR RELIEF

In response to Paragraphs 1 through 7 of the Prayer, Defendants deny that Plaintiff is entitled to any of the relief requested.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Claim)

As a First Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that the FAC and said cause of action fail to state a claim upon which relief may be granted.

### **SECOND AFFIRMATIVE DEFENSE**
(Lack of Standing)

As a Second Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that Plaintiff's claims are barred as a matter of law because Plaintiff lacks standing to seek the relief requested.

### **THIRD AFFIRMATIVE DEFENSE**
(Statute of Limitations)

As a Third Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that said FAC is barred by the applicable statute(s) of limitations.

### **FOURTH AFFIRMATIVE DEFENSE**
(Exhaustion of Administrative Remedies)

As a Fourth Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that Plaintiff is barred from asserting the claims alleged in the FAC as Plaintiff has failed to exhaust administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

As a Fifth Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that Plaintiff, by her acts and conduct, has waived her right to the relief sought in their FAC, or is estopped from receiving such relief.

## SIXTH AFFIRMATIVE DEFENSE

(Equity)

As a Sixth Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that Plaintiff is barred from recovering the relief sought because the equities do not favor Plaintiff but, rather, favor Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

(Good Faith)

As a Seventh Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that Plaintiff is barred from asserting the claims alleged in the FAC, and from obtaining the relief sought in the FAC, as Defendants' actions were and are privileged, immune, justifiable, based solely on good faith, and otherwise lawful.

## EIGHTH AFFIRMATIVE DEFENSE

(Statutory and Regulatory Duties)

As an Eighth Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that at all times relevant to the FAC, Defendants properly complied with relevant California and federal law.

## NINTH AFFIRMATIVE DEFENSE

(Unclean Hands)

As a Ninth Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that Plaintiff is barred from any relief under his FAC by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

(Fundamental Alteration)

As a Tenth Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that the FAC and each cause of action alleged therein is barred because the relief demanded in Plaintiff's FAC would, if granted, result in a fundamental alteration of Defendant City's services.

## ELEVENTH AFFIRMATIVE DEFENSE

(Mitigation of Damages)

As an Eleventh Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that Plaintiff failed, subsequent to the occurrence described in the FAC, to properly mitigate her damages, if any, and thereby is precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on his part.

## TWELFTH AFFIRMATIVE DEFENSE

(Acts or Omissions of Third Parties)

As a Twelfth Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that the FAC and each cause of action alleged therein is barred because the incidents alleged in the FAC were caused by the fault of other persons and entities of other parties and/or non-parties to this action, and Defendants' liability, if any, should be reduced accordingly.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Prevailing Party)

As a Thirteenth Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that Plaintiff is not a prevailing party entitled to an award of attorneys' fees under California state or federal law. *Hensley v. Eckerhart*, 461 U.S. 424 (1983); Farrar v. Hobby, 506 U.S. 103; Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598 (2001).

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Failure to File a Claim)

As a Fourteenth Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that the FAC is barred by the applicable statute(s) of limitations, including but not limited to the California Tort Claims Act (Cal. Gov. Code § 815 *et seq*.). Plaintiff further has failed to comply with the claims presentation requirement of the California Tort Claims Act by failing to provide Defendants with proper notice of each claim and cause of action prior to filing this case for monetary damages against Defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Laches)

As a Fifteenth Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that Plaintiff's claims are barred by the doctrine of laches.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Plaintiff's Own Acts or Omissions)

As a Sixteenth Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that Plaintiff's negligence and carelessness proximately caused the happening of the occurrences, injuries, and damages described in the FAC.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Public Entity Immunity)

As a Seventeenth Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that City Defendant is immune from liability because public entities, and their employees, are not liable for injuries arising out of the acts or omissions of their employees in the absence of a statute declaring such liability under California Government Code § 815(a).

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Governmental Immunity)

As a Eighteenth Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that Defendants are not liable for the actions of any of the Defendants, or any other employee, where the Defendant is immune from liability, including but not limited to absolute and qualified immunity pursuant to California Government Code § 815.2(b).

## NINETEENTH AFFIRMATIVE DEFENSE

(Qualified Immunity)

As a Nineteenth Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that the Defendants are immune from suit under the doctrine of Qualified Immunity because the conduct of the Defendants described in the FAC was performed in the scope of their duties and did not violate any of Plaintiffs' clearly established statutory or Constitutional rights of which a reasonable person would have known at the time of the occurrences described in the FAC.

## TWENTIETH AFFIRMATIVE DEFENSE

(Absolute Immunity)

As a Twentieth Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that the Defendants are immune from suit under the doctrine of Absolute Immunity as the Defendants are not liable for Plaintiff's injuries, if any, arising from judicial or administrative proceedings while the Defendants were acting within the scope of their duties.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Good Faith)

As a Twenty-First Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that, at all relevant times related to the occurrences set forth in the FAC, the Defendants acted in good faith and with the

reasonable belief that their conduct was lawful and necessary.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Legitimate Reason, Non-Discriminatory)

As a Twenty-Second Affirmative Defense by Defendant to the FAC and each cause of action alleged therein, it is alleged the Defendant did not have an impermissible motive for engaging in any of the occurrences as described in the FAC. Defendant had probable cause and/or reasonable suspicion to justify all occurrences as described in the FAC.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Necessary Force)

As a Twenty-Third Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that the Defendants are not liable for Plaintiff's injuries, if any, resulting from the use of force by Defendants because Defendants attempted to persuade Decedent to follow their lawful orders, and only used the force necessary to lawfully detain and arrest Decedent.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Conformance with Law)

As a Twenty Fourth Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that in the course of detaining Decedent, Defendants were performing duties required by law in conformance with the law, and therefore, are not liable for Plaintiff's injuries, if any, in performing such actions.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Legitimate Reasons)

As a Twenty Fifth Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that the Defendants were acting within the scope of their employment and had probable cause to believe the Decedent was engaging in, or had just engaged in, a prohibited activity. During the separate contacts with Decedent, the Defendant police officers were acting within the scope of their

employment and had probable cause to believe that said Decedent had committed a crime and/or was a danger to themselves or others.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Due Care)

As a Twenty Sixth Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that the Defendants are not liable for Plaintiff's injuries, if any, resulting from the execution or enforcement of the California Penal Code where due care was exercised.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Discretion)

As a Twenty Seventh Affirmative Defense by Defendant to the FAC and each cause of action alleged therein, it is alleged that the Defendants are not liable for Plaintiff's injuries, if any, resulting from acts or omissions which were an exercise of discretion in the absence of a statute declaring such liability.

## TWENTY NINTH AFFIRMATIVE DEFENSE

(Reservation of Additional Defenses)

As a Twenty Ninth Affirmative Defense to the FAC and each cause of action alleged therein, it is alleged that Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, yet unstated, affirmative defenses available, and reserve the right to assert additional affirmative defenses in the event such defenses are applicable.

# PRAYER

WHEREFORE, Defendants respectfully request that the Court:

1. Enter judgment for Defendant and against Plaintiff on the FAC;
2. Order that Plaintiff take nothing by the FAC; and
3. Grant such other relief that the Court may deem just and proper.

Dated: September 19, 2024  **OLIVAREZ MADRUGA LAW ORGANIZATION, LLP**

By: /s/ Daniel Lee
Daniel Lee
Attorneys for Defendant, CITY OF INGLEWOOD, CHRISTOPHER CHUNG, ROBERT DOWNEY, DARLENE QUIRARTE, and JOHN AUSMUS